UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRUSTMARK INSURANCE COMPANY,

      Plaintiff,

vs.

Case No. 3:18-cv-1177-J-34JBT

HARRIET I. WHITE, and
ALLAN E. MINCEY,

      Defendants.
_____/

# O R D E R

**THIS CAUSE** is before the Court sua sponte on the issue of whether the Court has subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking").

Plaintiff Trustmark Insurance Company (Trustmark) alleges in its Complaint (Doc. 1) that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1335. Complaint ¶ 1. Section 1335 provides the district courts with jurisdiction over a statutory interpleader claim if the following requirements are met: (1) the money or property in the plaintiff's possession is valued at $500 or more; (2) two or more adverse claimants of diverse citizenship have claims or potential claims for the money or property in controversy; and (3) the plaintiff deposits the money or property in controversy into the registry of the Court, or gives a bond payable to the Clerk in the amount of such money or property. 28 U.S.C.

§ 1335; see also John Alden Life Ins. Co. v. VanLandingham, No. 5:04CV538OC10GRJ, 2006 WL 1529047, at *3 (M.D. Fla. May 30, 2006); Great Amer. Life Ins. Co. v. VanLandingham, No. 5:05-CV-155-OC-10GRJ, 2005 WL 2149281, at *1 (M.D. Fla. Sept. 6, 2005). Here, according to the allegations of the Complaint, the amount in controversy is $6,787.96, the value of the insurance policy in dispute, Complaint ¶ 6, and "minimal diversity" exists because one of the Defendants, or "adverse claimants," is alleged to be a citizen of Florida, while the other is alleged to be a citizen of Georgia. Id. ¶¶ 4-5. However, a review of the Court's Docket reveals that the third requirement, that of depositing the disputed policy proceeds in the Court registry, or a bond with the Clerk of the Court, has not been met.

In order for the Court to have jurisdiction over this interpleader action, brought pursuant to 28 U.S.C. § 1335, the policy proceeds must be deposited to the registry of the Court. Thus, in order to cure this jurisdictional defect, Trustmark will be directed to deposit the proceeds from Life Insurance Policy Number L79854, see Complaint ¶ 9, plus accrued interest, into the registry of the Court on or before November 13, 2018, and to file a Notice with the Court that it has done so.

In light of the foregoing, it is

**ORDERED**:

Plaintiff Trustmark Insurance Company is directed to **DEPOSIT** the proceeds, and any accrued interest, from Life Insurance Policy Number L79854, see Complaint ¶ 9, into the registry of the Court, on or before **November 13, 2018**, and to file a Notice with the Court that it has done so. If Plaintiff fails to deposit the disputed insurance proceeds (or

2

submit to the Court a bond payable to the Clerk in the amount of such money), then the case will be dismissed without prejudice for lack of subject matter jurisdiction.

**DONE AND ORDERED** in Jacksonville, Florida, this 10th day of October, 2018.

*Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties