UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TRUSTMARK INSURANCE
COMPANY, etc.,

        Plaintiff,

v.                                CASE NO. 3:18-cv-1177-J-34JBT

HARRIET I. WHITE, an individual,
and ALLAN E. MINCEY, an individual,

        Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE**, an interpleader action, is before the Court pursuant to its May 29, 2019 Order (Doc. 29) and its July 26, 2019 Order to Show Cause (Doc. 30).  For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that:

1.    Plaintiff be **DISMISSED with prejudice** from this action and **DISCHARGED** from any further liability regarding the subject insurance policy;

2.    Defendants be **ENJOINED** from instituting and/or prosecuting in any state or federal court any other actions against Plaintiff regarding the subject insurance policy;

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

3.      The Clerk of Court be directed to enter **DEFAULT** and a **DEFAULT JUDGMENT** against Defendant Allan E. Mincey that serves to terminate his interest, if any, in the subject insurance policy and interpleaded funds; and

4.      The Clerk of Court be further directed to enter **FINAL JUDGMENT** in favor of Defendant Harriet I. White, pay the funds deposited into the Court's registry, along with any interest, to Ms. White, and close the file.

## I.    Background

Prior to suit, Defendant Allan E. Mincey, the contingent beneficiary of his mother Ruby Mincey's life insurance policy worth approximately $6,800 ("Policy"), asserted a claim to the policy proceeds.  (Doc. 1 at 2–3.)  Because Defendant Harriet I. White is the named primary beneficiary of the Policy, Plaintiff filed this interpleader action to resolve the conflicting claims to the subject funds.  (*Id.*)  Mr. Mincey appeared *pro se* and asserted a claim.  (Doc. 20.)  Ms. White initially failed to appear and a default was entered against her.  (Doc. 15.)  However, she later appeared *pro se*, moved to set aside the default, and asserted her claim to the funds.  (Doc. 22.)  The default against Ms. White was then set aside.  (Doc. 26.)

In the meantime, Plaintiff filed a motion requesting, among other things, that it be dismissed from this action, discharged from all liability regarding the Policy, and that Defendants be enjoined from pursuing additional actions against it regarding the Policy.  (Doc. 18.)  Although Plaintiff initially also requested attorneys' fees and

costs, it later abandoned that request.[2]  (*See* Docs. 18 & 21.)  Plaintiff's motion was denied without prejudice to Plaintiff filing a new motion when directed to do so by the Court.  (Doc. 27.)  Plaintiff was also directed to file the Policy documents and serve them on Defendants because it was not clear that Defendants had access to them. (*Id.*)  Plaintiff did so on April 30, 2019.  (Doc. 28.)

The crux of Mr. Mincey's claim, which was made before the Policy documents were served on him by Plaintiff, was that he believed Ms. White made herself the primary beneficiary of the Policy without Ms. Mincey's knowledge, and that Ms. White previously "cashed out" a portion of the Policy.  (*See* Doc. 20 at 1, 9–11; Doc. 28-1 at 23.)  However, as noted in the Court's May 29, 2019 Order, the Policy documents appear to directly contradict Mr. Mincey's assertions.  (Doc. 29.)  For example, Ms. Mincey signed a document making Ms. White the primary beneficiary and making Mr. Mincey only the contingent beneficiary.  (Doc. 28-1 at 51.)  Thus, it appears that the beneficiary change was made with Ms. Mincey's knowledge. Additionally, the relatively low value of the $10,000 Policy appears to be a result of Ms. Mincey taking out loans from the Policy, and not the result of Ms. White cashing out a portion of the Policy.  (*See* Doc. 8 at 2; Doc. 28-1 at 28.)

The Court explained the above to Mr. Mincey, and directed him to review the

---

[2] Specifically, in its February 14, 2019 Order, the Court directed Plaintiff to file a memorandum in support of its request for attorneys' fees and costs on or before February 28, 2019, and stated: "If no memorandum is filed, the Court will assume that Plaintiff is not seeking attorneys' fees and costs."  (Doc. 21 at 3.)  Plaintiff did not file a memorandum.

Policy documents and file a notice on or before June 19, 2019 stating whether he intended to pursue his claim. (Doc. 29.) He was cautioned that "[f]ailure to file the required notice may result in the subject funds being distributed to Ms. White . . . ." (*Id.* at 3.) Mr. Mincey failed to file the required notice. The Court then issued an Order to Show Cause directing Mr. Mincey to "show cause in writing why his claim to the funds at issue should not be dismissed pursuant to Local Rule 3.10, and/or why a default and default judgment should not be entered against him, for failure to prosecute his claim." (Doc. 30.) He was again cautioned that "[f]ailure to respond to this Order will likely result in the subject funds being distributed to Ms. White . . . ."[3] (*Id.* at 2.) To date, Mr. Mincey has not responded to the Order to Show Cause or taken any further action in this case.

## II.   Analysis

The undersigned recommends that Plaintiff is entitled to the relief it previously requested (*i.e.*, dismissal with prejudice, discharge from liability, and an injunction).[4] Additionally, the undersigned recommends that default and a default judgment be entered against Mr. Mincey because he has failed to prosecute his claim. Finally, the undersigned recommends that final judgment be entered in favor of Ms. White,

---

[3] Mr. Mincey was further cautioned that failure to respond to the Order to Show Cause would "also likely result in [him] being enjoined from instituting and/or prosecuting any other actions against Plaintiff regarding the subject insurance policy." (Doc. 30 at 2 n.1.)

[4] The undersigned also recommends that no further motion practice is necessary.

and that all funds in the Court's registry, including any interest, be distributed to her.

### A.    Subject Matter Jurisdiction

Pursuant to 28 U.S.C. § 1335, district courts have jurisdiction over a statutory

interpleader claim if the following requirements are met:

> (1) the money or property in the Plaintiff's possession is valued at $500 or more; (2) 'two or more adverse claimants, of diverse citizenship' have claims or potential claims for the money or property in controversy; and (3) the Plaintiff deposited the money or property into the registry of the Court or gave a bond payable to the Clerk in the amount of such money or property.

*Great Am. Life Ins. Co. v. Vanlandingham*, Case No. 5:05-cv-155-Oc-10GRJ, 2005

WL 2149281, at *1 (M.D. Fla. Sept. 6, 2005).  Moreover, only "'minimal diversity,'

that is, diversity of citizenship between two or more claimants, without regard to the

circumstance that other rival claimants may be co-citizens" is required.  *State Farm*

*Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967); *see also Ohio Nat'l Life*

*Assurance Corp. v. Langkau*, 353 F. App'x 244, 249 (11th Cir. 2009) ("§1335

requires only minimal diversity among the claimants, that is, at least one claimant

must be of diverse citizenship from another claimant.").[5]  As to the third requirement,

"[w]hen claims for a sum of money only are involved, [as opposed to property,]

---

[5] Although unpublished Eleventh Circuit decisions are not binding precedent, they may be persuasive authority on a particular point.  *See, e.g.*, *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018) ("Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive.").  Rule 32.1 of the Federal Rules of Appellate Procedure expressly allows citation to federal judicial unpublished dispositions that have been issued on or after January 1, 2007.  Fed. R. App. P. 32.1(a).

payment of the entire sum (or giving of a bond) is a condition precedent to the court's jurisdiction." *Austin v. Texas-Ohio Gas Co.*, 218 F.2d 739, 745 (5th Cir. 1955).

In the Complaint, Plaintiff alleges that it is a disinterested stakeholder of the proceeds of a life insurance policy with a value of $6,787.96 to which Defendants have conflicting claims.  (Doc. 1.)  Plaintiff also alleges that Mr. Mincey is a citizen of Florida and that Ms. White is a citizen of Georgia.  (*Id.* at 2.)  Additionally, Plaintiff has deposited the policy proceeds, plus interest, into the Court's registry.  (Docs. 4 & 8.)  Accordingly, the undersigned recommends that the Court has subject matter jurisdiction over this action.

### B.   Merits

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner."  *In re Mandalay Shores Coop. Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994).  "Interpleader action proceeds in two stages.  At the first stage, the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.'   At the second stage, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'"  *Langkau*, 353 F. App'x at 248 (citations omitted).

### 1.   Stage 1

Regarding stage one of the interpleader process, the Court must determine whether interpleader is proper and whether to discharge Plaintiff from further liability to the claimants.  In this regard,

> [t]he burden is on the party seeking interpleader to demonstrate that he is entitled to it.  Although interpleader is available to a stakeholder even though no action has been brought against him nor any formal demand made upon him by some or all of the potential claimants, a prerequisite for the action is that the party requesting interpleader demonstrate that he has been or may be subjected to adverse claims.

*Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974) (citations omitted).

As noted above, Plaintiff alleges in the Complaint that it is a disinterested stakeholder in the subject funds.  (Doc. 1.)  Additionally, Plaintiff has demonstrated that it may be subject to adverse claims because Mr. Mincey, a contingent beneficiary, asserted a claim to the funds for which Ms. White is the primary beneficiary.  (*Id.*)  Therefore, the undersigned recommends that interpleader is proper, and that Plaintiff be dismissed from this action with prejudice, discharged from all further liability regarding the Policy, and that Defendants be enjoined from instituting and/or prosecuting any other actions against Plaintiff regarding the Policy. *See* 28 U.S.C. § 2361 ("In any civil action of interpleader or in the nature of interpleader under section 1335 of this title, a district court . . . may discharge the plaintiff from further liability, make the injunction [restraining [claimants] from

instituting or prosecuting any proceeding in any State or United States court affecting the property, instrument or obligation involved in the interpleader action] permanent, and make all appropriate orders to enforce its judgment.").

### 2.   Stage 2

Regarding the rights of Defendants to the proceeds of the Policy, the undersigned recommends that Mr. Mincey has failed to prosecute his claim to the subject funds.  As set forth above, Mr. Mincey was previously directed to review the Policy documents, which appear to directly contradict his assertions supporting his claim, and file a notice on or before June 19, 2019 stating whether he intended to pursue his claim.  (Doc. 29.)  He was cautioned that "[f]ailure to file the required notice may result in the subject funds being distributed to Ms. White based on Mr. Mincey's failure to prosecute his claim."  (*Id.* at 3.)  Mr. Mincey failed to file the required notice.  The Court then issued an Order to Show Cause directing Mr. Mincey to "show cause in writing why his claim to the funds at issue should not be dismissed pursuant to Local Rule 3.10, and/or why a default and default judgment should not be entered against him, for failure to prosecute his claim."  (Doc. 30.)  He was again cautioned that "[f]ailure to respond to this Order will likely result in the subject funds being distributed to Ms. White based on Mr. Mincey's failure to prosecute his claim."  (*Id.* at 2.)

To date, Mr. Mincey has not responded to the Order to Show Cause or taken any further action in this case.  Thus, the undersigned recommends that entry of

default and default judgment against Mr. Mincey that serves to terminate his interest, if any, in the Policy is appropriate. *See Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985) ("The district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure."); *Metropolitan Life Ins. Co. v. Jackson*, Case No. 3:11-cv-967-J-34JRK, 2013 WL 3974674, at *5 (M.D. Fla. Aug. 1, 2013) ("The Court has inherent authority in appropriate circumstances to *sua sponte* enter a default judgment that in an interpleader action, serves to terminate [the] party's interest in the fund at issue.") (citations and quotations omitted); *Conseco Life Ins. Co. v. Murphy-Moreno*, Case No. 6:13-cv-161-Orl-31GJK, 2013 WL 3353325, at *1 (M.D. Fla. July 2, 2013) ("The failure of a named interpleader defendant to . . . assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted.") (quotations omitted).

Finally, the undersigned recommends that final judgment be entered in favor of Ms. White, and that the funds deposited into the Court's registry, along with any interest, be paid to her. *See Columbus Life Ins. Co. v. Allen*, Case No. 3:13-cv-1612-J-39JBT, 2015 WL 12696200, at *2 (M.D. Fla. Apr. 23, 2015) ("In an interpleader action in which all but one named interpleader defendant has defaulted, the remaining defendant is entitled to the res.") (quotations omitted); *Murphy-Moreno*, 2013 WL 3353325, at *1 ("Since the only other interested party has defaulted, the Court will grant summary judgment in favor of the Emerys.")

Moreover, although further analysis is unnecessary, the undersigned notes that the record demonstrates that Ms. Mincey signed a document making Ms. White the current primary beneficiary of the Policy.  (Doc. 28-1 at 51.)  After viewing that document, Mr. Mincey chose not to prosecute his claim.  Thus, the undersigned recommends that it is now undisputed that Ms. White is entitled to the subject funds.

### III.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1.     Plaintiff be **DISMISSED with prejudice** from this action and **DISCHARGED** from any further liability regarding the Policy.

2.     Defendants be **ENJOINED** from instituting and/or prosecuting in any state or federal court any other actions against Plaintiff regarding the Policy.

3.     The Clerk of Court be directed to enter **DEFAULT** and a **DEFAULT JUDGMENT** against Defendant Allan E. Mincey that serves to terminate his interest, if any, in the Policy and the interpleaded funds.

4.     The Clerk of Court be further directed to enter **FINAL JUDGMENT** in favor of Defendant Harriet I. White,  pay the funds deposited into the Court's registry, along with any interest, to Ms. White, and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on September 10, 2019.

JOEL B. TOOMEY
United States Magistrate Judge

10

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Allan E. Mincey
263 SW Guernsey Way
Fort White, FL 32038

Harriet I. White
3522 Oakcrest Drive
Gainesville, GA 30501

Counsel of Record